IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN BRADLEY ANDERSON,

                    Petitioner,

        v.

MARK NOOTH,

                    Respondent.

_____

Case No. 2:14-cv-01916-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, Magistrate Judge**.

       Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons explained below, the district judge should deny the Amended Petition for Writ of Habeas Corpus (ECF No. 28) (the "Petition"), because it is barred by the applicable one-year statute of limitations, and no basis exists for equitable tolling.

## BACKGROUND

       On March 18, 2009, Petitioner pleaded guilty to Aggravated Murder. Resp't Ex. 103 at 1. On March 19, 2009, the trial court imposed a life sentence with no possibility of parole until Petitioner serves a minimum of 30 years. Resp't Ex. 101 at 2-3. The state appellate defender concluded that

Petitioner had no colorable claims of error and did not file an appeal on Petitioner's behalf. Pet'r's Br. Supp. (ECF No. 25) at 21, 22. Petitioner's appeal deadline expired on April 19, 2009. On March 18, 2010, Petitioner timely filed a petition for state post-conviction relief ("PCR"), alleging ineffective assistance of trial counsel. Resp't Ex. 104.[1] On November 14, 2011, the PCR court summarily dismissed the petition with prejudice. Resp't Ex. 105.The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Ex. 108; *Anderson v. Nooth*, 258 Or. App. 682, *rev. denied*, 354 Or. 490 (2013). The appellate judgment issued on January 7, 2014. Resp't Ex. 108.

On or about November 26, 2014, Petitioner filed the instant proceeding, alleging that he received ineffective assistance of trial counsel, and that his plea agreement is void under Oregon law. Pet'r's Am. Pet. at 3. Respondent moves this Court to deny the Petition on the basis that it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

The parties agree that the one-year limitation period began to run on April 19, 2009, the date Petitioner's time for seeking appellate review expired. 28 U.S.C. § 2244(d)(1)(A). Between that date and March 18, 2010 (the date on which Petitioner signed his PCR petition), 334 days accrued. Resp't Resp. at 2. The limitation period was statutorily tolled during the time Petitioner's PCR petition was pending, and began to run again when the appellate judgment issued on January 7, 2014. *Id.* Between that date and the date Petitioner signed the Petition in this case, 323 days accrued. *Id.* In sum, 657 days accrued before Petitioner filed his Petition, which exceeds the one-year limitation period. *Id.*

---

[1] For purposes of calculating the limitation period, this Court uses the date Petitioner signed his state and federal petitions and presumably handed them to prison officials for mailing. *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("In determining when a pro se state or federal petition is filed, the 'mailbox' rule applies.").

Petitioner does not contest that he filed his Petition beyond the one-year limitation period. However, Petitioner argues that he is entitled to equitable tolling of the limitation period, and moves the Court to schedule an evidentiary hearing so that he may present facts relevant to equitable tolling.

## DISCUSSION

### I.      The One-Year Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year period of limitation applies to a petition for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of either "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2); *see also Biggs v. Duncan*, 339 F.3d 1045, 1047-48 (9th Cir. 2003) (finding that an application is pending until it has achieved final resolution through the state post-conviction procedure).

### II.     Equitable Tolling

The limitation period for filing a petition for habeas corpus may be equitably tolled upon a showing that the (1) petitioner was pursuing his rights diligently, and (2) some extraordinary circumstance(s) stood in his way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 632 (2010); *Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011); *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011). The threshold necessary to trigger equitable tolling is very high and is reserved for rare cases. *See Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003).The inquiry into "whether there are grounds for equitable tolling [is] highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). A petitioner "bears

a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2014) (*quoting Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).

Alternative to a showing of extraordinary circumstances, a petitioner's colorable claim of actual innocence can satisfy the requirements for equitable tolling.[2] *McQuiggen v. Perkins*, 133 S. Ct. 1924 (2013); *Holland*, 560 U.S. at 645, 649. In order to pass through the actual innocence "gateway" for review of otherwise time-barred claims, a petitioner must demonstrate that, in light of all the evidence (old and new), it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *McQuiggen*, 133 S. Ct. at 1928 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *Stewart v. Cate*, 757 F.3d 929, 942 (9th Cir. 2014). A mere *claim* of innocence is not enough to pass through the *Schlup* gateway, as a petitioner is required "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

## III.    Analysis

Petitioner argues that the limitation period should be equitably tolled because he has "mental conditions that contributed to his failure to timely file," his attorney misinformed him about the filing deadline, and he is actually innocent of his crime of conviction. Pet'r's Br. Supp. at 8; Pet'r's Sur-reply (ECF No. 42) at 2. For the reasons set forth below, Petitioner's request for equitable tolling should be denied.

---

[2] A habeas petitioner asserting a credible claim of actual innocence need not prove his diligence in order to be entitled to equitable tolling, but his untimeliness does bear on the credibility of the evidence proffered to show innocence. *McQuiggen*, 133 S. Ct. at 1928; *Larsen v. Soto*, 742 F.3d 1083, 1092 (9th Cir. 2013).

### A.      Extraordinary Circumstances

#### 1.      Mental Impairment

Petitioner asserts that the limitation period should be equitably tolled because he has a mental condition that "contributed to his failure to timely file his federal habeas petition." Pet'r's Br. Supp. at 8. Petitioner provides no further factual allegations or evidence detailing the nature or severity of his mental condition. The Ninth Circuit has set forth the standard for obtaining equitable tolling based on a mental impairment, as follows:

(1)      First, a petitioner must show his mental impairment was an 'extraordinary circumstance' beyond his control by demonstrating that the impairment was so severe that either

    (a)      petitioner was unable rationally or factually to personally understand the need to timely file, or

    (b)      petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.

(2)      Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Yeh*, 751 F.3d at 1078 (*quoting Bills*, 628 F.3d at 1099-100); *Forbess v. Franke*, 749 F.3d 837, 840-41 (9th Cir. 2014). The second prong does not require literal impossibility, but rather proof that the mental impairment was "so debilitating that it is the but-for cause of the delay" in light of the totality of the circumstances. *Yeh*, 751 F.3d at 1078; *Forbess*, 749 F.3d at 841; *see also Laws v. Lamarque*, 351 F.3d 919, 923 (9th Cir. 2003) (holding that where a habeas petitioner can show that "mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an extraordinary circumstance . . . and the deadline should be equitably tolled." (internal quotations omitted)).

In the instant proceeding, Petitioner has failed to identify the nature or severity of his impairment. He has made no showing that the alleged "mental condition" rendered him unable to understand the need to file timely, or that he was unable personally to prepare and file a habeas petition. On the contrary, Petitioner states that he sought help from inmate legal assistants to prepare his Petition as soon as he learned that no petition had been filed on his behalf. Pet'r's Decl. at 2. Further, Petitioner states that, had he not been misinformed about the filing deadline, he would have filed the Petition on time. *Id.* These statements contradict Petitioner's assertion of a mental impairment, showing that Petitioner understood the need to file timely a habeas petition and that he had the ability to do so. Accordingly, Petitioner has not set forth sufficient facts or evidence to warrant equitable tolling based on a mental impairment.

Petitioner moves the Court to grant an evidentiary hearing, so that he may "testify to the facts that establish his mental conditions that contributed to his failure to timely file." Pet'r's Br. Supp. at 8. The Ninth Circuit has held that "a habeas petitioner should receive an evidentiary hearing when he makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (citing *Laws*, 351 F.3d at 919). "A petitioner who alleges that mental illness prevented him from timely filing may be entitled to further factual development even if he has not met his burden to show that he is entitled to equitable tolling." *Chick v. Chavez*, 518 F. App'x 567, 569 (9th Cir. 2013). In *Laws*, the court held that it was enough that Laws alleged mental incompetency in a verified pleading to compel the court to allow expansion of the factual record. 351 F.3d at 919. Similarly, in *Chick*, the court found that the petitioner had presented sufficient evidence of "some degree of mental impairment" to warrant further factual development. 518 F. App'x at 569.

///

In the present case, however, Petitioner has presented no evidence beyond a bare allegation. Petitioner has not submitted a verified pleading relevant to his mental condition during the limitations period, indicated how the record is incomplete or in need of further development, or made any good-faith *factual* allegation. Absent such evidence, Petitioner is not entitled to an evidentiary hearing. *See Roy*, 465 F.3d at 973 (finding an evidentiary hearing warranted where petitioners alleged *facts* showing that extraordinary circumstance, and not their lack of diligence, caused their failure to file timely); *cf. Bills*, 628 F.3d at 1100 (holding that to evaluate whether tolling is warranted, the district court must "find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing"). A petitioner who merely mentions a mental condition is not entitled to an evidentiary hearing.

## 2.     Attorney Misconduct

Petitioner asserts that the limitation period should be equitably tolled because his PCR appellate attorney told him he had one year after his PCR case was final to file a habeas petition, and Petitioner believed the attorney would file the petition on his behalf. Pet'r's Decl. at 2. Petitioner asserts that this misinformation was an extraordinary circumstance that prevented his timely filing, and that counsel's behavior rose to the level of "professional misconduct." Pet'r's Sur-reply at 2. However, Petitioner concedes that his PCR appellate attorney told him to contact the Federal Public Defender's office about filing a habeas petition and that the attorney made no indication that he would file the petition on Petitioner's behalf. Pet'r's Decl. at 2. Petitioner's assumption that his PCR appellate attorney would file the petition was unreasonable under the circumstances.

Further, the alleged instances of miscommunication are, at best, attorney neglect and do not rise to the level of attorney misconduct or abandonment for purposes of equitable tolling. *See Busby*, 661 F.3d at 1011-12 (articulating that equitable tolling may be warranted in instances of

unprofessional attorney behavior, but not "for a garden variety claim of excusable attorney neglect or mistake") (citing *Spitsyn*, 345 F.3d at 800-02). Petitioner's attorney advised Petitioner to seek counsel elsewhere to file his habeas petition, indicating that his representation had concluded. Even if Petitioner's attorney miscalculated Petitioner's limitation period, the Supreme Court has held that an attorney's miscalculation in determining a filing deadline is insufficient to warrant equitable tolling. *Holland*, 560 U.S. at 651-52; *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (holding that attorney miscalculation is not sufficient to warrant equitable tolling).

###    B.    Lack of Diligence

Even if extraordinary circumstances existed here, Petitioner has failed to demonstrate that he diligently pursued his right to file a habeas petition. Habeas petitioners are required to show diligence in order to "ensure that the extraordinary circumstances faced by petitioners . . . and not their lack of diligence were the cause of the tardiness." *Roy*, 465 F.3d at 973. The equitable tolling standard for diligence is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 654; *Busby*, 661 F.3d at 1016; *see also Gibbs v. Legrand*, 767 F.3d 879, 890 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1708 (2015) (holding that reasonable diligence for the purposes of equitable tolling "requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances" (internal quotations and citations omitted)).

The Ninth Circuit has recognized certain affirmative actions, undertaken in a timely manner, as establishing reasonable diligence, both before and after extraordinary circumstances arise. *See Fue v. Biter*, 810 F.3d 1114, 1118 (9th Cir.), *reh'g en banc granted*, --- F.3d ---, 2016 WL 4136976 (2016). For example, a petitioner who writes numerous letters to his attorney, contacts others associated with the courts, and files a *pro se* petition immediately after learning the limitation period expired has demonstrated diligence. *See Holland*, 560 U.S. at 654. If the petitioner does not

demonstrate reasonable diligence in attempting to file under the circumstances, "the link of causation between the extraordinary circumstances and the failure to file is broken." *Roy*, 465 F.3d at 973 (quoting *Spitsyn*, 345 F.3d at 799 (internal quotations omitted)).

In the instant proceeding, Petitioner has failed to show that he pursued his rights with diligence. Petitioner reports that he filed his Petition as soon as he found out his attorney had not filed on his behalf, and asserts that this fact establishes his diligence. Pet'r's Sur-reply at 2. However, Petitioner fails to show that he made any inquiries about the status or progress of his filing, or how and when he "learned that no petition had been filed." Pet'r's Decl. at 2. Petitioner also fails to present any evidence of circumstances that prevented him from knowing or learning his statutory filing date, or any evidence that he ever contacted the Federal Public Defender's Office (per the advice of his attorney).

### C.    Actual Innocence

Finally, Petitioner seeks equitable tolling on the basis of his actual innocence. Petitioner "maintains that he is actually innocent of the aggravated murder; specifically the agreement to commit the murder for monetary gain." Pet'r's Br. Supp. 8. However, Petitioner offers no evidence to support his claim of actual innocence, and instead moves the Court to grant an evidentiary hearing so that he can "testify regarding the facts that demonstrate his actual innocence." *Id*. Again, such a hearing is warranted only where a petitioner "makes 'a good-faith allegation that would, if true, entitle him to equitable tolling.'" *Roy*, 465 F.3d at 969 (citing *Laws*, 351 F.3d at 919). In view of the fact that Petitioner has failed to present any theory or evidence (new or otherwise) to support his claim of actual innocence, Petitioner's request for an evidentiary hearing should be denied. *See Johnson v. Singh*, 542 F. App'x 615, 616 (9th Cir. 2013) (upholding the denial of an evidentiary hearing when petitioner "failed to show that such a hearing would produce evidence establishing

actual innocence") (citing *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003)); *see also Gandarela v. Johnson*, 286 F.3d 1080, 1087 (9th Cir. 2002) (finding an evidentiary hearing unnecessary where petitioner "failed to show what an evidentiary hearing might reveal of material import on his assertion of actual innocence").

## CONCLUSION

Based on the foregoing, this Court recommends that the district judge deny Petitioner's Amended Habeas Petition (ECF No. 28) on the basis that it is untimely, and dismiss this proceeding with prejudice. A Certificate of Appealability should be denied because reasonable jurists could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 12th day of August, 2016.

_Stacie F. Beckerman_

_____
STACIE F. BECKERMAN
United States Magistrate Judge